PEOPLE *ex rel.* FARLEY *v.* McLEAN *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

MUNICIPAL CORPORATIONS—REMOVAL OF POLICE OFFICERS.
　　Relator was dismissed from the police force on a charge of being intoxicated while on duty at a fire. Two witnesses testified that relator at that time was intoxicated, and the surgeon who saw him three hours afterwards considered him somewhat intoxicated. Relator was also described as excited, acting like a crazy person, and firing his pistol towards the crowd. *Held*, that the dismissal would not be disturbed, although witnesses for relator did not consider him under the influence of liquor.

*Certiorari* to review the dismissal of the relator, Philip Farley, from the police force of the city of New York.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Louis J. Grant,* for relator. *Edward H. Hawke, Jr.,* and *Chas. H. O'Neil,* for respondents.

DANIELS, J. The relator was tried on the charge of conduct unbecoming an officer, by being so much under the influence of liquor as to be unfit for duty at the ruins of a fire in Forty-Third street, between Second avenue and Prospect place. The evidence of the witnesses Ernest G. Bingham and Henry K. Woodruff, who were sworn and examined to prove the charge, was that the relator, at the time in question, was intoxicated. The surgeon who saw him about three hours afterwards considered him somewhat intoxicated; and his conduct, as it was described by the persons who observed him at the ruins, tended to confirm the truth of this evidence. He is described as excited, acting like a crazy person, and firing his pistol towards the crowd. He testified that he fired it first in the air, and twice after that in the gutter. But in this statement he was incorrect; for the witness Edward H. Dunbar testified that

one of the shots went within two feet of his legs; and Christian Schaufer swore that one shot whisked past his ear.   His conduct, like that of the crowd, was excited and disorderly, and it is probable that when he discharged his pistol it was, as one of the witnesses testified, towards the crowd.   No unnatural construction was placed upon these and other disorderly acts, in the inference that the relator was so much under the influence of liquor as to be unfit for duty.   And this inference was not overthrown by the witnesses examined for the relator, who did not consider him either intoxicated or under the influence of liquor.   It was still a fair question of fact, on the whole evidence, whether he was so or no.   There was sufficient evidence before the commissioners to produce the conviction that he was so much under the influence of liquor as to be unfit for the discharge of the duties of his position. The verdict of a jury against the relator on this evidence would not be set aside, and the same rule is required to be applied to the decision of the commissioners.   It was so far supported by the proof that their decision and judgment should be affirmed.   All concur.